UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHIRLEY L. PHELPS-ROPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:09-cv-1299-RWS |
| | ) |
| CITY OF PEVELY, MISSOURI, | ) |
| | ) |
| Defendant. | ) |

REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND
MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO WITHDRAW
MOTION FOR PRELIMINARY INJUNCTION

Comes now Plaintiff and in reply to Defendant's Response in Opposition to Plaintiff's Motion for Preliminary Injunction and in support of her Motion to Withdraw Plaintiff's Motion for Preliminary Injunction (Doc. # 2) states:

On December 6, 2007, the Eighth Circuit in *Phelps-Roper v. Nixon,* 590 F.3d 480 (8th Cir. 2007), a case brought by Plaintiff, held that she had demonstrated that she is likely to prevail on the merits of her First Amendment challenge to the state statute from which Defendant's ordinance was copied.  On October 31, 2008, the Eighth Circuit granted the state officials' petition for panel rehearing and issued a new opinion, again finding Plaintiff was likely to succeed on the merits of several of her First Amendment claims. *See Phelps-Roper v. Nixon*, 545 F.3d 685 (8th Cir. 2008).  The decision distinguished from the Sixth Circuit opinion regarding a significantly different statute, *Phelps-Roper v. Strickland*, 539 F.3d 356 (6th Cir. 2008).  On January 7, 2009, the state officials' petition for rehearing *en banc* was denied.  On

June 29, 2009, the state officials' petition for writ of certiorari was denied. *Nixon v. Phelps-Roper*, 129 S.Ct. 2865 (2009).

On or about July 9, 2009, Plaintiff's attorney wrote to Defendant's attorney advising of the status of the litigation regarding the state statute upon which Defendant's ordinance is modeled and demanding that Defendant take action to repeal the ordinance within thirty days. No one on Defendant's behalf responded to the demand letter.

Plaintiff commenced this action with the filing of her Complaint on August 13, 2009. (Doc. # 1). The next day, she moved for entry of a preliminary injunction, with a copy properly delivered to Defendant's clerk. (Doc. # 2). Defendant was served with the Complaint and summons on August 24, 2009. (Doc. # 6).

Contrary to the assertions in Defendant's Response (Doc. # 20), no one on behalf of Defendant responded to Plaintiff's demand letter. Defendant's counsel contacted Plaintiff's counsel only after the filing of the Complaint and receipt of the Motion for Preliminary Injunction. (Indeed, Plaintiff did not file suit against any of the approximately ten municipalities receiving the same letter who contacted Plaintiff's counsel but needed additional time to effectuate their repeal.) Defendant did not repeal its ordinance until September 21, 2009. (Doc. # 20-2). Although Plaintiff's counsel was advised on September 22, 2009 that Defendant's Board had repealed the challenged ordinance the evening prior, the first time he was provided a copy of the repeal ordinance was when it was filed as an exhibit to Defendant's Response.

Also contrary to the assertions in Defendant's Response, Plaintiff did, in fact, suffer harm from Defendant's ordinance because she was chilled from conducting protests in the City of Pevely during the time the unconstitutional ordinance was in effect.

2

Nevertheless, in light of the repeal of Section 210.22 of the Pevely City Code, Plaintiff no longer requires a preliminary injunction and moves this Court to permit her to withdraw her Motion for Preliminary Injunction. While voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, it does, under the current circumstances in this case, eliminate the immediate need for the interlocutory relief sought by Plaintiff's Motion for Preliminary Injunction.

There is no factual or legal basis for Defendant's claim that "the initiation and pursuit of this litigation [is] specious and unnecessary." The opposite is true. Even after two clear decisions from the Eighth Circuit, the Supreme Court's denial of certiorari, and an unambiguous demand letter, it was only after initiation and pursuit of this litigation that Defendant repealed its unconstitutional ordinance. Accordingly, Defendant's request "for its attorney fees and costs associated with defending this action" should be denied.

WHEREFORE Plaintiff respectfully requests this Court grant her Motion to Withdraw her Motion for Preliminary Injunction (Doc. # 2) and deny Defendant's request for attorney's fees and costs.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT #518779
American Civil Liberties Union of Eastern Missouri
454 Whittier Street
St. Louis, Missouri 63108
(314) 652-3114
FAX: (314) 652-3112
E-Mail: tony@aclu-em.org

3

CERTIFICATE OF SERVICE

The undersigned certifies that on September 29, 2009, he filed the foregoing document with the Clerk to be served by operation of the CM/ECF system upon the following:

David M. Korum
222 South Central Avenue
Suite 804
St. Louis, Missouri  63105

/s/ Anthony E. Rothert